UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **CEDRIC C. GRAVES** | * | **CIVIL ACTION NO. 09-0277** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **HEALTH EXPRESS, INC., and DR. KUSHAL AGARWAL** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand and to extend the deadline to amend pleadings [doc. # 12] filed by plaintiff Cedric C. Graves.[1] For the reasons stated below, the motion to remand is **GRANTED**, and the motion to extend the deadline to amend pleadings is deferred to the discretion of the state court.

## BACKGROUND

On February 10, 2009, Cedric Graves filed the instant "Petition for Damages" against Health Express, Inc. and Dr. Kushal Agarwal in the Second Judicial District Court for the Parish of Jackson, State of Louisiana. Graves alleges that he was a regular patient of Dr. Kushal Agarwal d/b/a Health Express, Inc. (collectively "Health Express") in Jonesboro, Louisiana. (Petition, ¶ II). Graves further alleges that in May 2006, Health Express and/or its employees "negligently and intentionally disclosed protected and confidential medical information

---

[1] As this is not a motion excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[concerning a medical condition suffered by Graves] to person(s) that were not authorized by law to receive said information." *Id*. at ¶ IV. Plaintiff states that defendants' actions violated state and federal HIPAA laws. *Id*. at ¶ VIII. Graves contends that due to defendants' unauthorized disclosure, knowledge of Graves' medical condition spread throughout the town and surrounding parish causing him embarrassment and humiliation. *Id*. at ¶ VII. Plaintiff argues that due to defendants' negligence, intentional acts, and/or breach of contract, they are responsible for his resulting extreme emotional and psychological distress, physical pain and suffering, humiliation, and embarrassment. *Id*. at ¶¶ V, VI, IX, X.

On February 19, 2009, defendants timely removed the case to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. (Notice of Removal, ¶ 2-3). On July 30, 2009, plaintiff filed the instant motion to remand due to lack of subject matter jurisdiction. Briefing is complete; the matter is now before the court.

**LAW**

It is axiomatic that federal courts exercise limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001) (citations omitted). A suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal jurisdiction establishes otherwise. *Id*. Here, defendants invoke federal subject matter jurisdiction solely on the basis of federal question. (*See* Notice of Removal). As the party invoking federal jurisdiction, removing defendants bear the burden of demonstrating the existence of a federal question. *In Re: Hot-Head, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (citation omitted). A motion to remand due to lack of subject matter jurisdiction may be filed at any time prior to final judgment. *See* 28 U.S.C. § 1447(c).

The federal question statute confers district courts with "original jurisdiction of all civil

2

actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal- question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921 (1998). "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

An "independent corollary" to the well-pleaded complaint rule is the "artful pleading" doctrine. *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) (*citing Rivet, supra*). This principle provides that a " plaintiff may not defeat removal by omitting to plead necessary federal questions." *Rivet, supra* (citation omitted). The artful pleading doctrine permits removal in cases where federal law completely preempts the plaintiff's state law claim. *Id*. Here, however, there are no allegations that plaintiff's claim is completely preempted by federal law.

## ANALYSIS

Defendants contend that the court enjoys subject matter jurisdiction, via federal question because according to them, "plaintiff seeks recovery under state and federal law, including 42 U.S.C. § 1320d, *et seq*. and allege [sic] a violation of a federal statute." (Notice of Removal, ¶ 2). Defendants conclude that plaintiff "clearly attempts to plead a federal cause of action." (Def. Opp. Memo., pg. 1). Notwithstanding defendants' characterization of plaintiff's complaint, it is manifest that plaintiff's petition alleges state law breach of contract and tort claims. (*See* Petition, ¶¶ V, VI, & X). Plaintiff's only reference to federal law is his allegation that

3

defendants' actions violated state and federal HIPAA laws. *Id*. at ¶ VIII.² However, in *Acara v. Banks*, the Fifth Circuit unequivocally held that HIPAA does not include a private cause of action; thus, the court concluded that an alleged violation of HIPAA does not confer subject matter jurisdiction in a case filed in federal court. *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006). *A fortiori*, the same result is compelled in the instant case that was removed to federal court by defendants. *See Bigelow v. Sherlock*, 2005 WL 283359 (E. D. La. Feb. 4, 2005) (state law claims premised upon violation of HIPAA did not suffice to support removal).

To the extent that *Acara* is not fully dispositive here,³ the undersigned observes that a cause of action that is created by state law may still "arise under" the laws of the United States if the well-pleaded complaint establishes that plaintiff's right to relief under state law requires resolution of a substantial, disputed question of federal law. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848 (1983). In *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, the Supreme Court observed that "the congressional determination that there should be no federal remedy for the violation of [a] federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the

---

² HIPAA presumably refers to the Health Insurance Portability and Accountability Act of 1996, Pub.L. No. 104-191, §§ 261-264, 110 Stat.1936 (1996), 42 U.S.C. § 1320d, *et seq*. Louisiana law also recognizes a "circumscribed privilege for records." *Walker v. Gerald*, 2006 WL 1997635 (E.D. La. Jun. 27, 2006) (citing La. R.S. 13:3715.1).

³ *Acara* arguably should have been decided on Rule 12(b)(6) grounds: when "'the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case' under either Rule 12(b)(6) or Rule 56." *Montez v. Department of Navy*, 392 F.3d 147, 150 (5th Cir. 2004) (citing *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981) and *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1347 (5th Cir. 1985)).

statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 814, 106 S.Ct. 3229, 3235 (1983). While seemingly conclusive, the Supreme Court later explained that "*Merrell Dow* should be read in its entirety as treating the absence of a federal private right of action as evidence relevant to, but not dispositive of, the 'sensitive judgments about congressional intent' that § 1331 requires." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 318, 125 S.Ct. 2363, 2370 (2005). Instead, the Court restated the inquiry as, "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products v. Darue Engineering*, 545 U.S. 308, 125 S.Ct. 2363, 2368 (2005). However, it "takes more than a federal element to open the 'arising under' door." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 126 S.Ct. 2121 (2006) (citation omitted).

In the aftermath of *Grable & Sons*, the Fifth Circuit articulated four requirements that must be met before a federal issue embedded in a state law cause of action will confer federal question jurisdiction: "(1) resolving [the] federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

Applying the foregoing considerations here, the undersigned initially observes that defendants make no effort to demonstrate that plaintiff's petition meets the applicable standard. This omission alone precludes a determination that plaintiff's petition raises "a significant federal

5

issue sufficient to establish federal question jurisdiction." *See New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 338 (5th Cir. 2008). Moreover, due to the lack of a private cause of action under HIPAA, the significance of an alleged violation of the federal statute is limited merely to evidence that defendants may have violated a duty of care owed to plaintiff under state tort (or contract) law, provided the alleged violation of the statute was the legal cause of plaintiff's damages. *See Faucheaux v. Terrebonne Consol. Government*, 615 So.2d 289, 292 -293 (La.1993) (although violation of a statute does not automatically impose civil liability, responsibility may be incurred if the violation is the legal cause of damage to another); *Merrell Dow, supra* (no significant federal issue where there was no federal cause of action and the alleged violation of a federal law only supported a negligence per se claim under state tort law). Likewise, in *Singh*, the Fifth Circuit found that plaintiff's claim for legal malpractice stemming from a federal trademark case only tangentially implicated federal law. *Singh*, 538 F.3d at 338-399. In the case *sub judice*, there is also no indication that resolution of the HIPAA violation is indispensable to plaintiff's case, as he has alleged violations of parallel privacy protections under state law. Furthermore, the court finds that exercising federal question jurisdiction in this case would upset the balance of state and federal responsibilities by essentially federalizing state law medical malpractice and breach of contract cases that incidentally allege the violation of a federal statute – a result not intended by Congress or the Supreme Court. *See Singh, supra*; *Acara, supra*.

In sum, defendants have failed to establish the stringent and limited circumstances whereby a federal court may exercise federal question jurisdiction as a result of a federal issue embedded within a state law cause of action. *Singh, supra*. Accordingly, subject matter

jurisdiction is lacking, and remand is required. 28 U.S.C. § 1447(c).

For the foregoing reasons,

The motion to remand [doc. # 12] filed by plaintiff Cedric C. Graves is hereby **GRANTED**; the case shall be **REMANDED** to the Second Judicial District Court for the Parish of Jackson, State of Louisiana. The motion to extend the deadline to amend pleadings is deferred to the discretion of the state court.[4]

THUS DONE AND SIGNED this 31st day of August 2009 in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[4] Defendants' pending motion for summary judgment [doc. # 15] will be carried with the case.